**SO ORDERED.**

**SIGNED this 8th day of March, 2016.**





Robert E. Nugent
United States Chief Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: | |
| RANDY J. LUSK and, | Case No. 10-13771 |
| KATHY L. LUSK | Chapter 13 |
| Debtors. | |
| RANDY J. LUSK and KATHY L. LUSK | |
| Plaintiffs, | |
| vs. | Adv. No. 14-5004 |
| CHECK 'N GO OF KANSAS INC., | |
| Defendant. | |

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE
<u>DEFAULT JUDGMENT AS VOID</u>**

1

Proper service of process is fundamental to invoking the bankruptcy court's personal jurisdiction over a defendant in an adversary proceeding. Ordinarily, obtaining service is straightforward, at least when counsel and the parties carefully observe the provisions of Fed. R. Bankr. P. 7004 and Fed. R. Civ. P. 4. Here, they didn't. The plaintiffs' counsel never filed an executed summons and requested a default judgment based on an unsworn "return of service" nearly six months after the court issued the summonses. Had plaintiffs filed a properly executed summons containing a signed declaration of the date and manner of service, service would have been presumed to be complete when the summons was mailed.[1] They didn't.[2] This is a fundamental procedural error that makes it impossible for the Court to know when or if the defendant was ever served. Failed service undercuts the Court's personal jurisdiction of this defendant, rendering the judgment void. Because proper service was not accomplished within 120 days of the complaint's filing,[3] this adversary proceeding must be dismissed unless good cause exists to allow an extension of time to accomplish proper service.[4]

Facts

---

[1] *See* Fed. R. Bankr. P. 9006(e)*; see also In re Wallace*, 316 B.R. 743, 747 (10th Cir. B.A.P. 2004).
[2] *See* Fed. R. Civ. P. 4(l)(1) which applies in adversary proceedings under Fed. R. Bankr. P. 7004(a), requiring an affidavit proving service and Fed. R. Bankr. P. 7004(e) requiring that service be delivered or mailed within 14 (now 7) days after the summons is *issued*.
[3] *See* Fed. R. Civ. P. 4(m). The former 120 day time limit in Rule 4(m) was reduced to 90 days by the December 1, 2015 amendments to the Federal Rules of Civil Procedure.
[4] Plaintiffs appear by their current counsel William H. Zimmerman, Jr. Defendant Check 'N Go of Kansas, Inc. appears by its counsel Andrew W. Muller.

Before the Lusks filed their chapter 13 bankruptcy in 2010, they borrowed $575 from Check 'N Go of Kansas, Inc. (CNG). They scheduled CNG as an unsecured creditor, listing its Wichita address on their Schedule F. CNG didn't file a claim. CNG says that it sold the Lusk debt to a third party in May of 2010, prior to the Lusks' bankruptcy. Even so, the Lusks charge that CNG made 13 collection calls to them in late 2013 and early 2014 and violated the automatic stay. They sued CNG in this proceeding and sought judgment for $10,000 for each of the 13 post-petition collection calls they received, $130,000, plus their attorneys' fees and costs.

After their former counsel Rick E. Hodge, Jr. filed the complaint on January 16, 2014, he requested that two summonses be issued, one directed to CNG in care of its "directing officer" at its home office address in Cincinnati and the other to The Corporation Company in Topeka, CNG's Kansas registered agent.[5] Those summonses were issued on January 23, 2014.[6] The summons form the Court uses contains a list of service methods on the back that includes first class mail for many defendant types and a special provision for certified mail to insured depository institutions. Someone checked the certified mail service box despite the fact that CNG is not an insured depository institution.[7]

Nothing happened for two months. Then, in March, Hodge filed a motion to extend time in which to seek the entry of a clerk's default and a default judgment.[8]

---

[5] Adv. Dkt. 2 and 3.
[6] Adv. Dkt. 4 and 5.
[7] Adv. Dkt. 2, 3, 4, and 5. The Court checked BankFind, a FDIC website for locating and verifying insured depository institutions, https://research.fdic.gov/bankfind/ on February 29, 2016. CNG did not appear there.
[8] Adv. Dkt. 7.

3

In that motion, he represented that: "Proper service was effectuated by *United States Certified Mail, Return Receipt Requested,* to an officer of Check 'N Go of Kansas Inc., and to its registered agent; *a certification with return receipt will be filed with the Clerk of the Bankruptcy Court within 48 hours of the filing of this Motion.*"[9] Hodge submitted an order granting a 30-day extension that the Court signed and entered on April 17. He has not submitted the certified mail return receipt nor filed the executed summonses.[10] Nor did Hodge pursue default or default judgment during the 30-day extension.

Another six weeks passed and, on May 29, the Court ordered the plaintiffs to show cause why the case should not be dismissed for lack of prosecution. Then Hodge filed an unsworn separate document titled "return of service," on June 3, 2014.[11] In the "return," Mr. Hodge stated that he served CNG by first class mail on January 23, 2014, by mailing summonses to CNG's "directing officer" in Cincinnati and to its registered agent, The Corporation Company in Topeka. He did not file an executed summons. On June 3, the plaintiffs requested the entry of a clerk's default.[12] Attached to the June 3 request for default was a document titled "Declaration of Rick E. Hodge, Jr." which stated that CNG "was properly served" on January 23, 2014.[13] The motion for default contained a certificate of service indicating that the motion had been

---

[9] Adv. Dkt. 7, ¶ 10. Emphasis added.
[10] Adv. Dkt. 8.
[11] *See* Adv. Dkt. 13. There is no such animal in federal court; rather, Fed. R. Civ. P. 4(l) speaks to *proof* of service by various means.
[12] Adv. Dkt. 14.
[13] Adv. Dkt. 14-1. That declaration did not state the manner of service on CNG nor to whom at CNG service was directed.

4

mailed to CNG, on June 23, 2014, 20 days after the motion and certificate were filed here.[14] Notwithstanding these inconsistencies, on June 10, the Clerk entered a default.[15] That day, the plaintiffs moved for default judgment.[16] On June 11, the Court entered the default judgment (albeit on a document titled "Clerk's Entry of Default Judgment")[17] and docketed the Judgment on June 12 as required by Rule 58.[18] After the plaintiffs unsuccessfully attempted to garnish some deposit accounts of CNG in Ohio and Wichita, the adversary case was closed on October 28, 2014.

Acting through different counsel, the Lusks filed a Notice of Foreign Judgment in the District Court of Sedgwick County, Kansas. When CNG received notice of that, it filed a motion to set aside the default judgment on May 7, 2015, claiming that the judgment had been entered by mistake and that it is void.[19] CNG claims that it sold the Lusk debt before they filed their bankruptcy petition, that it never received a summons, and that it was never properly served in the adversary proceeding because the summons was mailed to a "directing officer" rather than a "managing agent." In their affidavits, both CNG's general counsel and an officer of CT Corporation, the owner of The Corporation Company, deny receiving the summonses and complaint.

---

[14] Adv. Dkt. 14-3. This is obviously incorrect because the purported date of service, June 23, had not yet occurred and because nothing was filed in the Court's CM/ECF system for this matter on that date.
[15] Adv. Dkt. 16.
[16] Adv. Dkt. 17.
[17] Adv. Dkt. 19. Because the amount of the judgment was a sum certain, the Clerk could've entered it under Rule 55(b)(1).
[18] Adv. Dkt. 20. Fed. R. Bankr. P. 7058 makes Fed. R. Civ. P. 58 applicable in adversary proceedings.
[19] Adv. Dkt. 36. *See* Fed. R. Civ. P. 60(b)(1) (granting relief from judgments entered by mistake, inadvertence, surprise, or excusable neglect) and 60(b)(4) (granting relief from void judgments). Rule 60(b) applies in all bankruptcy cases and proceedings. Fed. R. Bankr. P. 9024.

5

Hodge moved to withdraw as counsel and, on June 30, 2015, the Lusks' current counsel entered the case. Though the Court urged the parties to stipulate to the operative facts before briefing this motion, they could not agree.[20] Most of the facts that I have found here come from my review of the docket in this case. After reviewing the summonses and alleged proofs of service, I conclude that service of process in this case failed for the reasons below. The Court lacked personal jurisdiction of CNG when it entered the default judgment. The judgment is void.

Analysis

Bankruptcy Rule 7004 and parts of Fed. R. Civ. P. 4 incorporated therein, govern service of process in an adversary proceeding.[21] Rule 7004(b) provides for first class mail service on various classes of parties including corporations.[22] Rule 7004(h) provides that an insured depository institution must be served by certified mail.

Civil Rule 4(a) governs the form and content of summonses and the process of preparing them for issuance by the Clerk. If someone other than a member of the U.S. Marshals Service serves a summons, Civil Rule 4(l)(1) requires the process server to prove service by filing an affidavit detailing how it was accomplished. The summons form that the Clerk's Office issues contains a "check-the-box" form of declaration setting out different methods of service, the date of service, and a place for the server to sign under penalty of perjury.[23] The process server proves service by completing

---

[20] In lieu of stipulations, CNG submitted Proposed Findings of Fact (supported by affidavits and matters of record) to which the Lusks responded without record support. *See* Adv. Dkt. 48 and 52.
[21] *See* Fed. R. Bankr. P. 7004(a)(1).
[22] *See* Fed. R. Bankr. P. 7004(b)(3).
[23] *See* Director's Procedural Form 2500.

**6**

and signing the declaration on the summons he mailed to the party served. That copy is called an "executed summons." Without an executed summons being filed, the Court has no way to know how, when, or if service was made.

When this adversary proceeding was filed in early 2014, Bankruptcy Rule 7004(e) required that a summons be served within 14 days of being *issued*.[24] If it could not be served in that time or there is some error on the summons, the party seeking service should request an alias summons. If no process was served within 120 days (now 90 days) after the complaint was filed, Civil Rule 4(m) requires the court to either dismiss the proceeding without prejudice or, for good cause, set a date certain by which to complete service. Proper service is "effective to establish" the bankruptcy court's personal jurisdiction of the defendant if it is otherwise consistent with the Constitution and the laws of the United States.[25]

The plaintiffs' initial counsel somehow failed to observe these rules. To begin with, CNG is not an insured depositary institution that is entitled to service by restricted mail. Rather, it could have been served by first class mail like any other corporation, as Rule 7004(b)(3) provides. Counsel should have mailed the summons and complaint to the attention of an officer, a managing or general agent, or an agent

---

[24] Rule 7004(e)'s 14-day period for mail service after issuance of the summons has since been reduced to its current 7 days. *See* Norton Bankr. Law and Practice 3d, Norton Bankruptcy Rules, Rule 7004 Advisory Committee Note (2014) (Thomson Reuters 2015-2016).
[25] Fed. R. Bankr. P. 7004(f).

7

authorized or appointed to receive service of process.[26] Consequently, checking the "certified mail" box on the issued summons was the first of a series of missteps here.

Failing to prove service was the second. Because service is presumed to be complete upon mailing of the summons, the only way the Court can know if and when the summons was mailed is by the process server filing the executed summons as proof of service. Counsel never did. Even if he served CNG by certified mail, he never filed the "return receipts" necessary to prove that. Third, the unsworn "return of service" he filed on June 3, 2014 and later reaffirmed with a declaration under penalty of perjury says that the defendant was served by first class mail, not certified mail as the reverse sides of the issued summonses say.[27] Fourth, when counsel failed to prove service within Rule 7004(e)'s 14-day period, he should have requested alias summonses.[28] He didn't. The Lusks argue that once a summons is mailed, service is presumed to be complete, but this series of errors more than meets that presumption.[29] Indeed, these circumstances cause me to question whether CNG was served at all.

---

[26] Some courts required the summons to be directed to the attention of the specifically named officer or agent while others permit service by reference to the office or title held by the unnamed person. *See In re Villar,* 317 B.R. 88, 93 (9th Cir. BAP 2004); *In re Outboard Marine Corp.,* 359 B.R. 893, 899-900 (Bankr. N.D. Ill. 2007). This Court need not decide whether the summons directed to the "directing officer" of CNG would have been sufficient, but for the plaintiffs' failure to prove service, because the summons directed to CNG's registered agent, The Corporation Company, complies with Rule 7004(b)(3).
[27] See Adv. Dkt. 13 (the "return") and Adv. Dkt. 14-1 (the declaration).
[28] Rule 7004(e) provides that "if a summons is not timely delivered or mailed, another summons will be issued for service." If counsel changed the method of service, he should have requested alias summonses to replace those originally issued.
[29] *In re Villar,* 317 B.R. 88, 94 (9th Cir. BAP 2004) (Once defendant has established a prima facie error in service, the party attempting to effect service bears the burden of proof); *In re Turkal,* 507 B.R. 342, 344 (Bankr. D. Kan. 2014) (plaintiff bears the burden of establishing personal jurisdiction over defendants and proving the validity of the method of service); *In re*

8

Without an executed summons, I cannot tell when or if the summonses were mailed.[30] Therefore, the answer time provided for in Bankruptcy Rule 7012(a) has never run.[31] While Rule 4(l)(3) states that failure to prove service does not affect its validity and that a court has discretion to allow the proof to be amended, the other service anomalies mentioned in this order force me to conclude that service here, if it occurred at all, was not valid. That voids the default judgment for lack of personal jurisdiction and requires that I set aside the judgment.[32]

When this proceeding was filed, Civil Rule 4(m) provided that if a defendant was not served within 120 days of the date the complaint was filed, the Court must either order the proceeding dismissed without prejudice or extend the time for service upon a showing of good cause by plaintiffs.[33] More than two years have passed since the filing of the complaint on January 16, 2014. Nevertheless, rather than dismiss the adversary proceeding, Rule 4(m) grants me the discretion to allow additional time to serve this defendant for good cause.[34] The series of process server errors supply

---

*Longoria,* 400 B.R. 543, 548 (Bankr. W.D. Tex. 2009) (litigant attempting to effect service is responsible for proper service and bears the burden of proof).
[30] Fed. R. Bankr. P. 9006(e).
[31] The obligation to answer the adversary complaint is not triggered until the complaint is "duly served." *See* Fed. R. Bankr. P. 7012(a).
[32] *In re Cossio,* 163 B.R. 150, 154 (9th Cir. BAP 1994), *aff'd* 56 F.3d 70 (9th Cir. 1995) (The court has no discretion to refuse vacating a void judgment under Rule 60(b)(4)); *In re Turkal,* 507 B.R. 342, 344 (Bankr. D. Kan. 2014) (court lacks personal jurisdiction over a party if service of process was insufficient); *In re Teligent Inc.,* 485 B.R. 62, 67-68 (Bankr. S.D. N.Y. 2013) (Rule 60(b)(4) relief is not discretionary and a meritorious defense is not required; a judgment is void if the court lacked jurisdiction of a party due to insufficient service of process).
[33] The former 120 day time limit in Rule 4(m) was reduced to 90 days by the December 1, 2015 amendments to the Federal Rules of Civil Procedure.
[34] *See* 4B Charles Alan Wright et al., *Federal Practice and Procedure* § 1137 (4th ed. 2015); *See also Oklahoma ex rel. Board of Regents v. Fellman,* 2005 WL 2886236, 153 Fed. Appx. 505 (10th Cir. 2005) (failing to determine whether good cause existed an abuse of discretion).

**9**

that cause.[35] Therefore, the Lusks will have 14 days from the entry of this order to serve the summons and complaint on CNG and shall timely file proof of that service.

Conclusion

The fatal defects in the plaintiffs' purported service of process on CNG require me to GRANT its motion for relief from the default judgment under Civil Rule 60(b)(4). Because the Court lacked personal jurisdiction of CNG, the default judgment and Judgment are void and hereby SET ASIDE.[36] If the Lusks do not serve CNG and prove that service by filing an appropriate executed summons within 14 days of the entry of this order, this adversary proceeding will be dismissed without prejudice.

### 

---

[35] The Court is not without fault in entering the initial judgment and will pay closer attention to service details before entering default judgments going forward. Having concluded that proper service was incomplete, I need not reach the merits of CNG's claim that it never received service or that it should be relieved of the judgment for the reasons enumerated in Fed. R. Civ. P. 60(b)(1) and Fed. R. Bankr. P. 9024.

[36] Dkt. 19 and 20.

**10**